# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| WOODROW WHITTAKER, et al., | :<br>:<br>: Case No. 2:15-cv-02584 |
| Plaintiffs, | :<br>: JUDGE ALGENON L. MARBLEY |
| v. | :<br>: Magistrate Judge Deavers |
| ALLSTATE PROPERTY &<br>CASUALTY INSURANCE COMPANY | :<br>:<br>: |
| Defendant. | : |

## **OPINION & ORDER**

This matter is before the Court on Defendant Allstate Property & Casualty Insurance Company's ("Allstate") Motion for Certification of Question to the Supreme Court of Ohio. (Doc. 32.) For the reasons stated herein, the Court **DENIES** the motion.

### I. BACKGROUND

The relevant background is as follows. Plaintiffs, Woodrow and Carolyn Whittaker, own the home located at 4128 Trumbull Street, Bellaire, Ohio 43906. Plaintiffs bought a homeowner's insurance policy from Allstate, and Allstate insured the property from 2007 through July 31, 2014. On June 7, 2014, a fire caused substantial damage to the property. An investigator had determined the cause of the fire to be "incendiary in nature," most probably "the result of a human act." (Doc. 34-5 at 6.) The Whittakers filed a claim with Allstate, which Allstate denied "based on an exclusion in its policy which precludes coverage for acts of vandalism and/or malicious mischief if the property has been vacant for more than 30 days prior to the act." (Doc. 32 at 2.)

1

The Whittakers sued Allstate on June 4, 2015 in the Belmont County Court of Common Pleas for breach of the insurance contract. (Doc. 3.) The Whittakers claim that they are covered by the insurance policy because: (1) the fire was not an "act of vandalism and/or malicious mischief" (Doc. 3 at ¶ 9); and (2) their property was "under construction," which caused it to fall into an exception to the vacancy exclusion (*id.* at ¶ 8). Allstate removed the case to federal court on July 7, 2015. (Doc. 1.) On October 26, 2017, before filing an answer, Allstate moved to certify the following question to the Ohio Supreme Court: "[i]s 'arson' considered an act of 'malicious mischief' or 'vandalism' with respect to a vacancy exclusion in a standard homeowner's policy?" (Doc. 34 at 1.) The Whittakers opposed the motion, which is now ripe for review.

Also relevant is the fact that in 2015, the Northern District of Ohio certified a very similar question to the Ohio Supreme Court in connection with an Allstate home insurance policy: "is 'arson' a subset of 'fire' or an act of 'malicious mischief or vandalism' when neither the 'fire' nor 'malicious mischief or vandalism' provisions in an insurance contract expressly include 'arson?'" (*Wells Fargo Bank N.A. v. Allstate Insurance Co.*, No. 4:15-cv-239 ("*Wells Fargo*"), Doc. 21, reproduced in Doc. 34-1 at 2.) After oral argument, on May 18, 2016, the Ohio Supreme Court *sua sponte* dismissed the certified question of state law as "improvidently accepted for review." (Doc. 34-4.)

## II. STANDARD OF REVIEW

Under Ohio Supreme Court Rule of Practice 9.01, "[t]he Supreme Court may answer a question of law certified to it by a court of the United States. This rule is invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling

precedent in the decisions of this Supreme Court." Ohio S. Ct. Prac. R. 9.01(A). Certification's purpose "is to apply the same rules of state law to litigants in federal court as would apply in state court." *Scott v. Bank One Trust Co., N.A.*, 62 Ohio St.3d 39, 46 (1991). Through certifying questions to the state Supreme Court, a district court "faced with a novel state-law question [may] put the question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of an authoritative response." *Jones v. Coleman*, 848 F.3d 744, 750 (6th Cir. 2017) (internal quotations omitted). The decision to certify a question to a state supreme court "rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

### III. ANALYSIS

For the Court to certify a question to the Ohio Supreme Court, the Court must find: (1) the question "may be determinative of the proceeding;" and (2) "there is no controlling precedent in the decisions of [the Ohio] Supreme Court." Ohio S. Ct. Prac. R. 9.01(A). The parties agree that there is no controlling precedent in the decisions of the Ohio Supreme Court, particularly in light of the fact that it recently certified, but then declined to answer, a nearly identical question about an Allstate homeowners' insurance policy.

The Ohio Supreme Court recently faced the certified question whether "arson" in a vacant home was a "fire" or whether it was instead "vandalism" or "malicious mischief." (*Id.* at 1.) The homeowners' insurance policy in *Wells Fargo*, like the policy in this case, did not define "arson," "fire," "vandalism," or "malicious mischief." While the Ohio Supreme Court ultimately did not answer the question, the oral argument illuminated some of the justices' thought processes. If the Ohio Supreme Court determined that "arson" fell within the category of "fire" and *did not* fall within the categories of "vandalism" or "malicious mischief," then the insurance

contract would likely cover the damage at issue. If the Court determined instead that "arson" is "vandalism" or "malicious mischief" but *not* "fire," then the insurance contract would likely exclude coverage.

The Court did not indicate, however, what coverage implications would follow if it determined that "arson" was *both* "fire" *and* "vandalism" or "malicious mischief." Wells Fargo (effectively, the insured) argued that this outcome would create an ambiguity, which should be construed against the drafter (Allstate). Allstate argued that vandalism is a specific exclusion in an all-risk policy, so if "arson" falls within the specific exclusion, then it is not covered. Both parties pointed to other parts of the insurance contract to bolster their positions. At least one Justice pointed out that this question appeared to be one of contract interpretation—an exercise that *trial* courts, rather than the Ohio Supreme Court, undertake in the first instance. Ultimately, for reasons unknown, the Ohio Supreme Court dismissed the certified question as "improvidently accepted for review." (Doc. 34-4.)

Allstate argues that this Court should re-certify this question, but omitting the question of whether "arson" falls within the category of "fire." According to Allstate, the Supreme Court "should reconsider based on this court's wording of the question, which is more in line with what the issue is[.]" (Doc. 32 at 4-5.) Moreover, Allstate worries about potentially conflicting decisions because two (uncited) district courts "must decide the same issue." (*Id.* at 5.)

Plaintiffs point out that the question posed in *Wells Fargo* was nearly identical to that posed here, in a case in which the answer would be more useful to the parties. In *Wells Fargo*, the parties agreed that *arson* caused damage to a *vacant* home. (*Wells Fargo*, Doc. 34-1, at 2.) Here, there are no such admissions. Therefore, there are factual predicates that cut against the answer to this question being "determinative of the proceeding" in this Court. Moreover, even

assuming that "arson" caused the damage and the home was vacant, the answer to the proposed certified question does not determine the proceeding. If the Ohio Supreme Court were to determine that "arson" is "vandalism" or "malicious mischief," then Plaintiffs could still be covered if this Court were to find "arson" to be a subset of "fire." (Doc. 34 at 3-4.)

The Court agrees with Plaintiffs. The Ohio Supreme Court very recently had the opportunity to decide this exact same issue: how to interpret "arson" in a vacant home within the context of a homeowners' insurance policy. It declined to do so, in a case in which the factual predicates were clear and its decision could have been determinative of the proceeding. There is no reason to believe that the Ohio Supreme Court would accept a nearly identical (yet less fulsome) certified question, where: (a) it is not clear whether the fire in this case was caused by "arson" or whether the home was truly "vacant;" and (b) an affirmative answer to the proposed certified question would not determine the proceeding because the proposed question is incomplete.

## IV. CONCLUSION

It is premature to ask the Ohio Supreme Court where "arson" falls within the contract when we do not know whether the fire in this case was caused by "arson." And the answer to the proposed certified question is less likely to determine the proceeding than the question that the Ohio Supreme Court already denied as "improvidently accepted for review." (Doc. 34-4.)

Therefore, the Court **DENIES** Allstate's Motion for Certification of Question to the Supreme Court of Ohio. (Doc. 32.)

    **IT IS SO ORDERED.**

                                          **/s/ Algenon L. Marbley**
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: June 9, 2017**